# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KATHERYN MEYERS, individually and on behalf of all others similarly situated, | : : : | Civil Action No. 2:14-cv-02729 |
| *Plaintiff*, | : : | District Judge Gregory L. Frost |
| v. | : : | |
| WATTS REGULATOR CO. *Defendant*. | : : : | |

## STIPULATED ORDER TRANSFERRING THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

It is hereby stipulated and agreed by and between Plaintiff Katheryn Meyers ("Plaintiff") and Defendant Watts Regulator Co. ("Defendant") (together, the "Parties"), pursuant to 28 U.S.C. § 1404(a) that this action be transferred to the United States District Court for the District of Massachusetts ("Transferee District"), wherein the Parties agree that they will seek the consolidation of this action with *Ponzo v. Watts Regulator Co.*, No. 1:14-cv-14080 (D. Mass.), which was filed prior to this action and asserts allegations that are similar to those asserted in this action. The Transferee District is the location of the corporate headquarters of Defendant. The Transferee District is also the location of two prior pending actions alleged to involve the same product and similar or related

claims, including *Ponzo v. Watts Regulator Co.*, No. 1:14-cv-14080 (D. Mass.), and *Sharp v. Watts Regulator Co.*, No. 1:14-cv-14385 (D. Mass.).

The parties acknowledge that the Transferee District is a district where the original action might have been brought because: (a) the Transferee District has subject matter jurisdiction; (b) venue is proper in the Transferee District; and (c) Defendant is amenable to process issuing out of the Transferee District. *Gosiger, Inc. v. Elliott Aviation, Inc.*, 2013 U.S. Dist. LEXIS 163842, at *4-*5 (S.D. Ohio. Nov. 18, 2013); *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002); *Sky Technology Partners, LLC v. Midwest Research Institute*, 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000).

The parties agree that a transfer is justified "for the convenience of parties and witnesses and in the interest of justice." 28 U.S.C. § 1404(a). The parties further agree that transfer will fulfill the purpose of 28 U.S.C. § 1404(a) to "prevent that waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *see also Gosiger,* 2013 U.S. Dist. LEXIS 163842, at *4-*5 (S.D. Ohio. Nov. 18, 2013).

The undersigned parties have met and conferred and agree to the transfer requested above. Moreover, the undersigned parties have also been meeting and conferring concerning alternative dispute resolution ("ADR"), including mediation,

and believe that transferring this matter to the District where *Ponzo* and *Sharp* are pending will also assist in facilitating those ADR discussions.

Respectfully submitted,

| | |
|---|---|
| /s/ Jack Landskroner | /s/ Wendy West Feinstein |
| Jack Landskroner (0059227) | Wendy West Feinstein (0064973) |
| jack@lgmlegal.com | wfeinstein@eckertseamans.com |
| Drew T. Legando (0084209) | **ECKERT SEAMANS CHERIN &** |
| drew@lgmlegal.com | **MELLOTT, LLC** |
| **LANDSKRONER GRIECO** | 600 Grant Street, 44th Floor |
| **MERRIMAN, LLC** | Pittsburgh, PA 15219 |
| 1360 West 9th Street, Suite 200 | (412) 566-1927 (T) |
| Cleveland, OH 44113 | (412) 566-6099 (F) |
| (216) 522-9000 (T) | |
| (216) 522-9007 (F) | *Attorneys for Defendant,* |
| | *Watts Regulator Co.* |
| *Attorneys for Plaintiff,* | |
| *Katheryn Meyers, individually and* | |
| *on behalf of all others similarly situated* | |

IT IS SO ORDERED.

/s/  Gregory L. Frost
UNITED STATES DISTRICT JUDGE